IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARCUS R. ROBINSON                                          PLAINTIFF

v.                        CIVIL ACTION NO. 5:24-cv-00063-DCB-LGI

COCA-COLA OF MCCOMB                                         DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [ECF No. 15] (the "Motion") that Coca-Cola Bottling Company, United, Inc., ("Defendant"),[1] filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In its Motion, Defendant asks the Court to dismiss pro se Plaintiff Marcus R. Robinson ("Plaintiff")'s complaint [ECF No. 1] for age discrimination. Having reviewed the parties' submissions and the relevant legal authority, it is the Court's opinion that the Motion has merit. However, given that Plaintiff has not previously amended his complaint, the Court will deny the Motion at this time and afford Plaintiff the opportunity to amend, subject to compliance with the deadlines and instructions detailed in this opinion.

---

[1] According to Defendant's Memorandum in Support of the Motion, Plaintiff erroneously named Defendant in the complaint as Coca-Cola of McComb.  [ECF No. 16] at n.1.

1

## STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In re Great Lakes Dredge & Co., 624 F.3d 201, 210 (5th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, courts must accept all well-pleaded factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff, but the factual allegations must be enough to raise the right to relief above the speculative level. E.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210.

It is well-established in the Fifth Circuit that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). However, it also is well-established that no plaintiff, whether proceeding pro se or with counsel, can defeat a motion to dismiss with conclusory allegations or legal conclusions disguised as factual allegations. E.g.,

Prescott v. UTMB Galveston Texas, 73 F.4th 315, 318 (5th Cir. 2023); Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

## ANALYSIS

The Court agrees with Defendant that Plaintiff does not plead sufficient facts in his complaint to make his age discrimination claim plausible under controlling precedent. [ECF No. 15] at 1. The only factual allegations offered in the complaint with respect to Plaintiff's age and employment are:

> I Marcus R. Robinson was terminated from my employment at Coca-Cola of McComb, Miss. because I was an adult male 59 years old at the time, was met many times by my supervisor in reference to my advance age.

[ECF No. 1] at 1. Without sufficient factual allegations, the Court cannot begin to make any reasonable decision regarding whether Defendant is liable for the discriminatory misconduct alleged. Iqbal, 556 U.S. 662, 678 (2009). The Court's legal analysis is further hampered because the complaint references no specific statute or law that Defendant allegedly violated. This complicates the Court's identification of the elements that may be essential to Plaintiff's claim and the relief, if any, to which a meritorious claimant might be entitled. At best, Plaintiff's scant factual allegations might spark speculation in

some minds regarding the possibility of misconduct, but the complaint does not show that the pleader is entitled to relief as it must under our federal rules of procedure and binding case law.  Fed. Rule Civ. Proc. 8(a)(2); e.g., Iqbal, 556 U.S. at 678-79.  In short, Plaintiff's complaint as written does not survive dismissal under Federal Rule of Civil Procedure 12(b)(6).

## OPPORTUNITY TO AMEND

Defendant correctly asserts in its reply [ECF No. 22] to Plaintiff's opposition [ECF No. 21] that Plaintiff has attempted to use his opposition to allege new facts without first moving to amend his complaint.  Relying on Young v. Cty. of Houston, 599 F. App'x 553, 555 (5th Cir. 2015), and similar cases, Defendant argues that this tactic is impermissible because the Court's inquiry is limited to the allegations stated within the four corners of Plaintiff's complaint.  [ECF No. 22] at 1-2; Young, 599 F. App'x at 555 ("[the] inquiry into whether [a plaintiff] has adequately stated a claim for relief is limited to the four corners of the complaint"); Partners & Friends Holding Corp. v. Cottonwood Minerals L.L.C., 653 F. Supp. 3d 344, 351 (N.D. Tex. 2023), aff'd, No. 23-10192, 2023 WL 8649880 (5th Cir. Dec. 14, 2023)(allegation that was not in the original petition could not be raised in response to a motion to

4

dismiss).  Defendant urges the Court to stick to the sole factual allegation stated in the complaint and disregard Plaintiff's new allegations.  [ECF No. 22] at 1-2.

The general rule in the Fifth Circuit, is that " … a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008); Fed. R. Civ. P. 12(d).  But the rule is not without its exceptions.  Under United States Supreme Court precedent, a court may rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); accord Allen v. Hays, 812 F. App'x 185, 189 (5th Cir. 2020) (per curiam).  In some circumstances, the Fifth Circuit has found that documents attached to a motion to dismiss may be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); cf. Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003)(explaining that Collins was a limited exception due in part to the fact that the plaintiffs had no objection).  The Fifth Circuit also has veered from a strict adherence to the four-corners rule in situations where "the litigant is *pro se* and has not yet made any amendments to her complaint." Riley v. Sch. Bd. Union Par.,

379 F. App'x 335, 341 (5th Cir. 2010) ("Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)."). The Court cannot ignore the importance that precedent has placed on affording a plaintiff, and particularly a pro se plaintiff who has made no prior amendments to the complaint, the opportunity to amend before dismissal.[2]

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [ECF No. 15] is **DENIED** at this time, but Defendant may re-urge such a motion in the future after Plaintiff has either amended his complaint or failed to do so, as provided herein;

IT IS FURTHER ORDERED that, because there has been no prior amendment of the complaint, Plaintiff may elect to file a properly supported motion seeking leave to amend the complaint. Plaintiff's motion for leave to amend must comply with all

---

[2] In Young v. Cty. of Houston, the Fifth Circuit decision cited by Defendant, [ECF No. 22] at 1-2, the appellate court emphasized that, before ruling on dismissal, the magistrate judge gave the pro se plaintiff the opportunity to amend her complaint. She failed to do so, and the court's inquiry was limited to the four corners of the original complaint. Young, 599 F. App'x at 555-56.

applicable federal and local rules, including, without limitation, the attachment of a proposed "First Amended Complaint" as required by Local Rule 7(b)(2); provided, however, the Court waives the requirement for a demonstration of good cause under Federal Rule of Civil Procedure 16(b)(4) when a party seeks to amend pleadings after a scheduling order deadline has expired.  Any such motion to amend must be filed within fourteen (14) days of the entry of this Memorandum Opinion and Order.  If Plaintiff elects to file such a motion, Defendant shall have an opportunity to oppose it and shall file its response no later than fourteen (14) days from the filing of Plaintiff's motion for leave to amend.  Should Plaintiff fail to seek leave to amend in accordance with the instructions herein, or if the Court determines that Plaintiff's proposed amendment to the complaint would be futile, dismissal of this case may result.

    SO ORDERED, this the 10th day of March 2026.

                                        /s/  David C. Bramlette
                                    UNITED STATES DISTRICT JUDGE